JOURNAL ENTRY AND OPINION
Relator, Bennie Anderson, avers that he presented an affidavit to respondent, the office of the Prosecuting Attorney for Cuyahoga County ("the prosecutor"), requesting him to commence the prosecution of John Erb for robbery. On February 15, 2001, he filed this action in mandamus to compel the prosecutor to "file and proscess [sic] the criminal complaint affidavit sent to their office for presentation before the Grand Jury on or about Jan 23rd 2001." Complaint, at 1.
The prosecutor filed a motion to dismiss which was not opposed.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. off Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.[1]
In Mootispaw v. Eckstein,[2] Mootispaw, an inmate brought a mandamus action to compel the prosecuting attorney to investigate the collusion between his lawyer and the assistant prosecuting attorney who had "`knowledge of [Mootispaw's] innocence of murder.'" Id. The prosecutor moved for summary judgment with an affidavit setting forth his investigation and his decision not to prosecute. The court of appeals granted the motion for summary judgment and the Supreme Court affirmed.
 A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184. Consequently, the decision whether to prosecute is discretionary and not normally subject to judicial review. Id., 75 Ohio St. 3d at 27, 661 N.E.2d at 184, citing Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. off Edn. (1991), 59 Ohio St.3d 159, 160, 572 N.E.2d 80, 82.
* * *
 Even assuming that Eckstein had a conflict of interest, Mootispaw had an adequate remedy at law, i.e., he could have requested the common pleas court to appoint a special prosecutor to investigate and prosecute the alleged fraud. Master, 75 Ohio St. 3d at 27, 661 N.E.2d at 284.[3]
In this action, Anderson has not claimed that the prosecutor's refusal to commence criminal proceedings constituted an abuse of discretion and under Mootispaw, he has an adequate remedy at law. We grant the motion to dismiss. Anderson to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR
[1] State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641.
[2] (1996), 76 Ohio St.3d 383, 667 N.E.2d 1197.
[3] Id. at 385-386.